UNITED STATES DISTRICT COURT

District of New Jersey

Chambers of
William H. Walls
District Judge
_____

(973) 645-2564
(973) 645-3436 Fax

Martin Luther King Jr.
Federal Courthouse
50 Walnut Street
Newark, New Jersey 07102

NOT FOR PUBLICATION

LETTER OPINION

ORIGINAL ON FILE WITH CLERK OF COURT

January 23, 2007

Appearances:

*Attorney for Appellants*
Lewis G. Adler, Esq.
26 Newton Ave.
Woodbury, NJ 08096

*Attorneys for Respondents*
William T. Connel
Dwyer Connel & Lisboa
100 Passaic Ave.
Fairfield, NJ 07004

Susan O'Connor
Hoagland, Longo, Moran, Dunst & Doukas, LLP
40 Paterson Street
P.O. Box 480
New Brunswick, NJ 08903

Re:   Raul Rojas & Jose Lopez v. City of New Brunswick, et al.
      No. 04-3195 (WHW)
      Appeal of Magistrate's October 23, 2006 Order Denying Plaintiffs' Motion to Amend the
      Complaint and Ordering Plaintiffs' Attorneys to Submit Affidavits

Dear Litigants:

This matter comes before the Court on appeal by Plaintiffs Raul Rojas and Jose Lopez ("Appellants") from Magistrate Judge Hedges' October 23, 2006 Order denying Appellants' motion to amend their Complaint and further ordering Appellants' attorneys to submit affidavits regarding conversations they had with municipal and superior court judges regarding the reduction of Rojas' bail. Pursuant to Fed. R. Civ. P. 78, the Court decides this appeal without oral argument. Judge Hedges' order is affirmed in part and modified in part.

## FACTS AND PROCEDURAL HISTORY

Raul Rojas and Jose Lopez filed a class action suit on behalf of themselves and similarly situated Latinos in New Brunswick, pursuant to 28 U.S.C. § 1983 and 28 U.S.C. § 1988, against the City of New Brunswick, Mayor James M. Cahill, Police Director Joseph Catanese, Detective Royce Cradic, Police Officer George Santiago, Municipal Court Judge Gerald Gordon, and John Does I-XX ("Respondents") on July 7, 2004. On July 6, 2002, Rojas was arrested for possessing a false social security card. Rojas was initially detained without bail. Judge Ralph Stazione then set bail at $500,000 with no 10% option. On July 19, 2002, Judge Travis Francis of the Superior Court of New Jersey granted Rojas' bail application and reduced bail to $2,500. On October 23, 2002, Rojas appeared in the City's Municipal Court before Judge Gordon to request an adjournment. When Rojas did not produce valid identification at Judge Gordon's request, Judge Gordon ordered Rojas detained for investigation by the INS. Ms. Cambria, Gordon's attorney, made an emergent appeal to Judge Francis telephonically. Their conversation was not recorded and is not remembered by Judge Francis. Judge Franics ordered the release of Rojas.

Appellants allege that Respondents systematically stop, search, and arrest Latinos for minor offenses and then hold them with excessive bail, and in some cases, no bail. Appellants allege violations of their First, Fourth, Fifth, Sixth, and Eighth Amendment rights as well as their due process and equal protection rights. Appellants filed an Amended Complaint on August 2, 2004.

Following the initial scheduling conference on January 10, 2005, Magistrate Wigenton entered an Order on January 11, 2005 setting the timetable for discovery and requiring that any motions to amend the pleadings be filed no later than May 15, 2005. On September 22, 2006, Respondents sent a letter to Magistrate Hedges asking him to compel Appellants to provide responses to the discovery requests set forth in their previous correspondence of August 5, 2005, January 10, 2006, and September 6, 2006.

On October 6, 2006, Appellants sent a letter to the Court opposing the discovery requests. On the same date, Appellants sought leave of court to file a second amended complaint to include a new count under the New Jersey Civil Rights Act, N.J.S.A. 10:6-2. The New Jersey statute was enacted on September 10, 2004.

On October 23, 2006, Judge Hedges held a hearing on both issues. Judge Hedges issued an Order denying Appellants' request to amend their Complaint. Judge Hedges also denied Respondents' request to depose Appellants' attorneys, Ida Cambria and Patricia Bombelyn. However, he ordered Ms. Cambria and Ms. Bombelyn to submit affidavits regarding any conversations that they had had with state or municipal judges concerning bail applications for Rojas. Appellants filed this motion appealing Judge Hedges October 23, 2006 Order on November 6, 2006. On November 9, 2006, Judge Hedges issued an Amended Order.

STANDARD OF REVIEW

The Federal Magistrates Act provides two separate standards of judicial review: (1) "de novo" for magistrate resolution of dispositive matters, see 28 U.S.C. § 636(b)(1)(B)-(C), and (2) "clearly erroneous or contrary to law" for magistrate resolution of nondispositive matters.  See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Rule 72.1(a) of the Local Rules of the United States District Court for the District of New Jersey; Cipollone v. Liggett Group, Inc., 785 F.2d 1108 (3d Cir. 1986).  Because the issues raised by Appellants are nondispositive matters, this Court can set aside Magistrate Judge Hedges' Order only if it is clearly erroneous or contrary to law.

A finding is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law.  "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on consideration of the entire evidence is left with the definite and firm conviction that a mistake has been committed." Lo Bosco v. Kure Engineering Ltd., 891 F. Supp. 1035, 1037 (D.N.J.1995) (quoting United States v. Gypsum Co., 333 U.S. 364, 395 (1948)).

The Third Circuit has interpreted this to mean that the reviewing court must accept the factual determination of the fact finder unless that determination "either (1) is completely devoid of minimum evidentiary support displaying some hue of credibility, or (2) bears no rational relationship to the supportive evidentiary data." Haines v. Liggett Group Inc., 975 F.2d 81, 92 (3d Cir. 1992) (quoting Krasnov v. Dinan, 465 F.2d 1298, 1302 (3d Cir.1972)).  Under the clearly erroneous standard of review, the reviewing court will not reverse the magistrate judge's determination "even if the court might have decided the matter differently." Cardona v. General Motors Corp., 942 F. Supp. 968, 971 (D.N.J. 1996) (quoting Toth v. Alice Pearly, Inc., 158

F.R.D. 47, 50 (D.N.J. 1994) (citing Anderson v. City of Bessemer City, 470 U.S. 564, 574 (1985)). In reviewing a magistrate judge's factual determinations, a district court may not consider any evidence which was not presented to the magistrate judge. See Haines, 975 F.2d at 92; Lithuanian Commerce Corp. v. Sara Lee Hosiery, 177 F.R.D. 205, 213 (D.N.J. 1997).

## DISCUSSION

This Court reviews Judge Hedges' October 23, 2006 Order for clear error.

1. Appellants' Motion to Amend the Complaint

Rule 15 of the Federal Rules of Civil Procedure states that once a responsive pleading has been served, a party may amend its complaint "only by leave of court or by written consent of the adverse party" and "leave shall be freely given." Fed. R. Civ. P 15(a). However, once a pre-trial scheduling order has been entered, the scheduling order, including the time limits for amending the pleadings, "shall not be modified except upon a showing of good cause." Fed. R. Civ. P. 16(b). Judge Wigenton ordered that any motion to amend the pleading be filed no later than May 15, 2005. See January 11, 2005 Scheduling Order. Accordingly, in October of 2006, Appellants were only entitled to amend their Complaint for good cause.

At the October 23, 2006 hearing, Judge Hedges applied Rule 16 and determined that Appellants had failed to show good cause. Judge Hedges noted that the New Jersey statute parallels 28 U.S.C. § 1983 and does not guarantee any additional rights. Judge Hedges rejected Appellants' contention that since the statue has not yet been tested, the New Jersey Supreme Court's interpretation of its protections may be different from how the U.S. Supreme Court has interpreted § 1983.

While this Court is skeptical that the New Jersey statute will be interpreted to provide

additional relief, even if that were the case, Appellants have offered no explanation for why they are only now asserting this claim against Respondents. Appellants could have, but chose not to, seek leave to amend the Complaint between September 10, 2004, the date of the statute's enactment, and May 15, 2005, the scheduling deadline. Instead, Appellants unduly delayed two years after the statute's enactment. The Court finds that Judge Hedges' decision to deny Appellants' request to amend their Complaint was not clearly erroneous or contrary to law.

2.  Order that Appellants' Attorneys Submit Affidavits

Appellants appeal Judge Hedges' Order to compel Ms. Cambria and Ms. Bombelyn to provide affidavits regarding any conversations they had with Judge Francis concerning Rojas' bail applications or the New Brunswick Municipal Court hearing of October 23, 2002. Appellants argue that such affidavits are beyond the scope of Respondents' application to the Court and that they risk infringing the attorney-client relationship. Further, Appellants note that Respondents have ordered a transcript of the Superior Court proceedings for bail reduction, have copies of the actual bail applications, and have access to their client, Judge Gordon. They argue that Respondents have failed to show what relevant evidence remains to be provided.

Rule 26(b) of the Federal Rules of Civil Procedure states that parties may obtain "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b). The rule further states that "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Id. At the hearing, Respondents argued that knowing what information was represented to Judge Francis is highly relevant in a case that alleges that Judge Gordon improperly set bail and improperly detained Rojas. Respondents indicated that there is no record of the conversations between the attorneys

and Judge Francis, and Judge Francis does not recall the conversations. Respondents asked Judge Hedges to compel depositions of Ms. Cambria and Ms. Bombelyn for the limited purpose of determining what was represented to Judge Francis regarding Rojas' bail and detention.

Judge Hedges concluded that "good cause [] is shown or has been shown under Rule 26 to go beyond relevance and to go to subject matter to some degree." Hr'g Tr. 16, Oct. 23, 2006. However, Judge Hedges denied the request for depositions and instead required Appellants' counsel to submit affidavits regarding any oral conversations that they had had with any municipal or superior court judge regarding Rojas' bail. The Order was amended on November 9, 2006 to be more specific:

> Ms. Ida Cambria and Ms. Patricia Bombelyn shall submit affidavits within fourteen days outlining all conversations had with Superior Court Judge Travis Francis concerning any bail applications made on behalf of Plaintiff Rojas and all conversations had with Superior Court Judge Francis relative to the New Brunswick Municipal Court hearing on October 23, 2002.

The Court recognizes that it is unusual to require attorneys to submit affidavits. The danger is that if lawyers submit affidavits, they become potential witnesses at trial. As noted by the Third Circuit in Government of the Virgin Islands v. Zepp, "[t]he roles of an advocate and of a witness are inherently inconsistent." 748 F.2d 125,138 (3d Cir. 1984). For this reason, the Rules of Professional Responsibility, with limited exceptions, prohibit an attorney from acting as an advocate at a trial in which the lawyer is likely to be a necessary witness. See RPC 3.7. If Ms. Cambria and Ms. Bombelyn are called as witnesses at trial, they will have to relinquish their role as counsel and Respondents will have to obtain alternate counsel. Since requiring attorneys to submit affidavits can unnecessarily and dangerously complicate the case, the Court carefully

scrutinizes the Order issued by Judge Hedges.[1]

The Court finds the Order to be unnecessarily broad and overreaching. It is inappropriate to depose Ms. Cambria and Ms. Bombelyn regarding conversations with Judge Francis about bail when defense counsel has access to Rojas' bail application and there was a full bail hearing on the record in front of Judge Francis. At the October 23, 2006 hearing in front of Judge Hedges, Appellants' counsel indicated that they had requested the transcript of the bail hearing. In light of the danger of Appellants' attorneys unnecessarily becoming trial witnesses, it is inappropriate to require Ms. Cambria and Ms. Bombelyn to submit an affidavit when there are alternative means to ascertain the basis of Judge Francis' decision. The Court finds that it is clearly erroneous and contrary to law to require Ms. Ida Cambria and Ms. Bombelyn to submit affidavits regarding their conversations with Judge Travis concerning bail applications.

The emergent telephonic appeal, on the other hand, presents a different situation because there is no record of what information Judge Francis was given when he ordered the release of Rojas from custody, and Judge Francis does not recall the conversation. Accordingly, the <u>only</u> means to learn the basis of Francis' decision is from Ms. Cambria herself. The Court cautions that requiring Ms. Cambria to submit an affidavit runs the risk that she will become a potential witness in her client's case. However, due to the need for this highly relevant information, the Court concludes that it is not clearly erroneous to compel Ms. Cambria to submit an affidavit regarding her telephone

---

[1]The Court notes that, contrary to the arguments of Plaintiffs, the ordered affidavits do not infringe the attorney-client privilege because they do not compel disclosure of attorney-client communications.

conversation with Judge Travis on October 23, 2002.

## CONCLUSION

It is on this 23rd day of January, 2007,

ORDERED that Magistrate Judge Hedges' October 23, 2006 Order, as amended on November 9, 2003, is AFFIRMED with respect to Plaintiffs' motion to amend the Complaint; it is further

ORDERED that Magistrate Judge Hedges' October 23, 2006 Order, as amended on November 9, 2003, is MODIFIED such that only Ms. Ida Cambria shall submit an affidavit outlining the telephone conversation she had with Superior Court Judge Travis Francis about the New Brunswick Municipal Court hearing of October 23, 2002.  The affidavit is to be submitted within twenty-one days of the date of this Order.

                                                             s/ William H. Walls
                                                **William H. Walls, U.S.D.J.**