# UNITED STATES DISTRICT COURT

District of New Jersey

| | |
|---|---|
| Chambers of<br>**William H. Walls**<br>District Judge<br>_____<br><br>(973) 645-2564<br>(973) 645-3436 Fax | Martin Luther King Jr.<br>Federal Courthouse<br>50 Walnut Street<br>Newark, New Jersey 07102 |

NOT FOR PUBLICATION

MEMORANDUM

ORIGINAL ON FILE WITH CLERK OF COURT

April 9, 2007

Appearances:

*Attorneys for Plaintiffs*
Ida Cambria, Esq.
142 Livingston Avenue
3rd Floor
New Brunswick, NJ 08901

Patricia Bombelyn
Perez & Bombelyn, P.C.
402 Livingston Avenue
New Brunswick, NJ 08901

Lewis G. Adler, Esq.
26 Newton Ave.
Woodbury, NJ 08096

*Attorneys for Defendants*
William T. Connel
Dwyer Connel & Lisboa
100 Passaic Ave.
Fairfield, NJ 07004

Susan O'Connor
Hoagland, Longo, Moran, Dunst & Doukas, LLP
40 Paterson Street
P.O. Box 480
New Brunswick, NJ 08903

Gary S. Spagnola
Golden, Rothschild, Spagnola, Lundell, Levitt & Boylan, P.C.
1011 Route 22 West
Suite 300
P.O. Box 6881
Bridgewater, NJ 08807


Re:   Raul Rojas & Jose Lopez v. City of New Brunswick, et al.
      No. 04-3195 (WHW)
      Defendants' Motion for Reconsideration of the January 23, 2007 Opinion and Order;
      Defendants' Motion to Hold Ida Cambria in Contempt of Court

Dear Litigants:

This matter comes before the Court on Defendants' motion for reconsideration of the Court's January 23, 2007 Opinion and Order and on Defendants' motion to hold Ida Cambria in contempt of court. Specifically, Defendants ask the Court to amend its Order to require that Patricia Bombelyn, Esq., in addition to Ida Cambria, Esq., submit an affidavit outlining any conversations she had with Judge Travis Francis about the New Brunswick Municipal Court hearing of October, 23 2002. Pursuant to Fed. R. Civ. P. 78, the Court decides this motion without oral argument. The motion for reconsideration is granted in part and denied in part. The motion to hold Ms. Cambria in contempt of court is denied.

## FACTS AND PROCEDURAL HISTORY

Raul Rojas and Jose Lopez filed a class action suit on behalf of themselves and similarly situated Latinos in New Brunswick, pursuant to 28 U.S.C. § 1983 and 28 U.S.C. § 1988, against the City of New Brunswick, Mayor James M. Cahill, Police Director Joseph Catanese, Detective Royce Cradic, Police Officer George Santiago, Municipal Court Judge Gerald Gordon, and John Does I-XX ("Defendants") on July 7, 2004. Plaintiffs allege that Defendants systematically stop, search, and arrest Latinos for minor offenses and then hold them with excessive bail, and in some

2

cases, no bail. Plaintiffs allege violations of their First, Fourth, Fifth, Sixth, and Eighth Amendment rights as well as their due process and equal protection rights. Plaintiffs filed an Amended Complaint on August 2, 2004.

On July 6, 2002, Rojas was arrested for possessing a false social security card. Rojas was initially detained without bail. Judge Ralph Stazione then set bail at $500,000 with no 10% option. On July 19, 2002, Judge Travis Francis of the Superior Court of New Jersey granted Rojas' bail application and reduced bail to $2,500. On October 23, 2002, Rojas appeared in the City's Municipal Court before Judge Gordon to request an adjournment. When Rojas did not produce valid identification at Judge Gordon's request, Judge Gordon ordered Rojas detained for investigation by the INS. Rojas' counsel made an emergent telephonic appeal to Judge Francis. Judge Francis does not recall with whom he spoke or the details of the conversation, and there is no record of the call. Judge Francis ultimately ordered the release of Rojas.

On October 23, 2006, Judge Hedges held a hearing and issued an order that, inter alia, denied Defendants' request to depose Plaintiffs' attorneys, Ida Cambria and Patricia Bombelyn. However, he ordered Ms. Cambria and Ms. Bombelyn to submit affidavits regarding any conversations that they had had with state or municipal judges concerning bail applications for Rojas. Plaintiffs appealed Judge Hedges' October 23, 2006 Order, and on January 23, 2007, this Court issued an Order requiring only Ms. Cambria to submit an affidavit outlining the telephone conversation she had with Superior Court Judge Travis Francis about the New Brunswick Municipal Court hearing of October 23, 2002. Defendant Gerald Gordon filed a motion for reconsideration on February 5, 2007 and Defendant Royce Cradic joined the motion on February 12, 2007. On February 23, Plaintiffs filed an untimely opposition to the Motion for Reconsideration. On February 26, 2007, Defendant Gerald Gordon filed a motion to hold Ida

3

Cambria in contempt for not complying with the Court's January 23, 2007 Order. Plaintiffs responded on March 1, 2007 by filing a cross motion to stay the January 23, 2007 Order.

## STANDARD OF REVIEW

Under Fed. R. Civ. P. 59(e), a litigant may move to alter or amend a judgment within ten days of its entry. Similarly, L. Civ. R. 7.1(i) allows a party to seek reconsideration of "matters or controlling decisions which counsel believes the Judge or Magistrate Judge has overlooked." The Third Circuit has held that the "purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Cafe ex rel. Lou-Ann v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)) (internal quotations omitted).

Reconsideration motions may not be used to re-litigate old matters, nor to raise arguments or present evidence that could have been raised before the entry of judgment. P. Schoenfled Asset Mgmt. L.L.C. v. Cendant Corp., 161 F. Supp. 2d 349, 352 (D.N.J. 2001); 11 Charles A. Wright et al., Federal Practice and Procedure § 2810.1 (2d ed. 2006). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." Gutierrez v. Ashcroft, 289 F.Supp.2d 555, 561 (D.N.J. 2003) (quoting G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990)).

Such motions will only be granted where (1) an intervening change in the law has occurred, (2) new evidence not previously available has emerged, or (3) the are need to correct a clear error of law or prevent a manifest injustice arises. North River Ins. Co. v. CIGNA Reins. Co., 52 F.3d 1194, 1218 (3d Cir. 1995). Because reconsideration of a judgment after its entry is an extraordinary remedy, requests pursuant to these rules are to be granted "sparingly,"and only

4

when "dispositive factual matters or controlling decisions of law" were brought to the court's attention but not considered.  Yurecko v. Port Auth. Trans-Hudson Corp., 279 F. Supp. 2d 606, 608-09 (D.N.J. 2003); see NL Indus. Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996);  Pelham v. United States, 661 F. Supp. 1063, 1065 (D.N.J. 1987).

**DISCUSSION**

I.  Defendants' Motion for Reconsideration

      Defendants suggest that the Court inadvertently failed to consider the possible involvement which Patricia Bombelyn may have had in the October 23, 2002 matter.  In its Opinion, the Court noted that it is unusual to require counsel to submit affidavits because counsel become potential witnesses at trial, unnecessarily and dangerously complicating a case.  (Opinion at 7.).  The Court reversed Judge Hedges' Order requiring Ms. Cambria and Ms. Bombelyn to submit affidavits regarding their conversations with Judge Travis concerning bail applications because there were alternate means to ascertain the basis of Judge Francis's decision, namely the bail applications and the record of the hearing.  In contrast, the Court recognized that the emergent telephonic appeal on October 23, 2002 presented a different situation because there was no record of what information Judge Francis was given when he ordered the release of Rojas from custody and because Judge Francis does not recall the conversation.  The Court concluded that the only means to learn the basis of Judge Francis's decision was from Ms. Cambria herself.  Accordingly, the Court ordered her to submit an affidavit regarding the emergent telephonic appeal to Judge Francis on October 23, 2002.

      Defendants suggest that the same reasoning applies to Ms. Bombelyn.  Although the full extent of Ms. Bombelyn's involvement in the appeal is unknown, there are telephone records

5

indicating that she, at a minimum, initiated the appeal by calling the Middlesex County Sheriff's Department to contact the emergent judge on duty. The Sheriff's Department called Ms. Bombelyn to obtain additional information regarding the matter. Telephone records reveal that the dispatcher at the Sheriff's Department advised Judge Francis that Ms. Bombelyn had made an emergency application and requested that he call on her cell phone. In his deposition, Judge Francis represented that he believed he had called Ms. Bombelyn but did not recall the conversation.

On February 23, Plaintiffs filed a "Brief in Opposition to Defendants' Motion for Reconsideration" in which they ask the Court to deny Defendants' motion for reconsideration and instead grant reconsideration in their favor. Specifically, Plaintiffs ask that none of Plaintiffs' attorneys be required to submit affidavits. Plaintiffs argue that the Court made an error or overlooked a fact when it concluded that the emergent telephonic application was not recorded. They maintain that the conversation was recorded and that Plaintiffs' attorneys are not required to submit affidavits simply because Defendants were unable to locate the transcript of the phone conversation.[1] Plaintiffs further complain that at the October 23, 2006 hearing, they did not have notice that the issue of attorney affidavits was going to be considered. Therefore, they were unable to present evidence of their repeated efforts to advise Defendants' counsel of their belief that the phone conversation was recorded.

As an initial matter, the Court notes that it need not consider Plaintiffs' motion because it is untimely. Although filed as an "Opposition to Defendants' Notice of Motion for Reconsideration," it is more appropriately construed as a motion for reconsideration. Pursuant to L. Civ. R. 7.1(i), a motion for reconsideration must be filed within 10 business days after the

---

[1] Plaintiffs make much of the fact that Defendants did not request telephone transcripts from the Sheriff's Department until four years after the events in question.

entry of judgment on the original motion. Here, Plaintiffs waited an entire month to file their motion for reconsideration. Even if the Court treats the filing as an opposition to Defendants' motion, it is still untimely. Local Civil Rule 7.1(f) states that "any party opposing a motion for reconsideration shall file and serve a brief in opposition within seven business days after service of the moving party's Notice of Motion and Brief." Accordingly, Plaintiffs' motion was due on February 21, 2007.

Even if the Court were to consider Plaintiffs' motion, it finds that it is without merit. First, at no point in Plaintiffs' appeal of Judge Hedges' November 23, 2007 Order did they assert that all phone conversations between Judge Francis, Ida Cambria, and Patricia Bombelyn were audiotaped. It is improper for Plaintiffs to raise these contentions for the first time in a motion for reconsideration. See Sanders v. Trinitas Hosp., 2005 WL 2077314, *3 (D.N.J. 200) ("There is a strong policy against entertaining reconsideration motions based on evidence that was readily available at the time that the original motion was heard and the Court may, in its discretion, refuse to consider such evidence."). The Court is similarly unpersuaded by Plaintiffs' argument that they did not have proper notice that the issue of attorney affidavits was to be presented to Judge Hedges at the October 23, 2006 hearing. The Court notes that Plaintiffs had ample opportunity to present all available arguments to this Court in their appeal of Judge Hedges' Order.

Moreover, contrary to Plaintiffs' recent assertions that the emergent telephonic appeal was conducted on a recorded line through the Middlesex County Sheriff's Office, the Court notes that there is evidence in the Record which suggests otherwise. In his deposition, Judge Francis indicated that his conversations with Plaintiffs' counsel took place from his cell phone or his home phone, both of which were unrecorded lines.

The Court now considers the merits of Defendants' motion for reconsideration. In its initial Opinion, the Court was operating under the belief that it was only Ms. Cambria who had spoken with Judge Francis on October 23, 2002. However, the Court overlooked the role of Ms. Bombelyn in the emergent appeal. Although Judge Francis does not specifically remember to which attorneys he spoke, given that Ms. Bombelyn initiated the call to the Sheriff's Department and left her phone number, it is more likely that Judge Francis called and spoke with Ms. Bombelyn on October 23, 2002 regarding the appeal. The Record before the Court is sloppy, and the Court is unable to determine with certainty which attorney or attorneys spoke with Judge Francis. Unfortunately, Plaintiffs have been unwilling to disclose this information. The Court is confronted with a game of hide and seek which goes against the spirit of the rules of discovery.

Although the Court appreciates Defendants' desire to know the details of the emergent appeal, in light of the general policy against making attorneys potential witnesses in their client's case, the Court is unwilling to unnecessarily require counsel to submit affidavits. On account of the imprecise Record, the Court modifies its January 23, 2007 Order to require the attorney who spoke with Superior Court Judge Travis Francis by telephone regarding the New Brunswick Municipal Court hearing of October 23, 2002 to submit an affidavit outlining the telephone conversation. Plaintiffs possess the knowledge of the identity of the attorney.

II. Defendants' Motion to Hold Ida Cambria in Contempt of Court

Defendants also move, pursuant to Fed. R. Civ. P. 37(b)(d), for an order holding Ida Cambria in contempt of court for failure to comply with the Order and Opinion dated January 23, 2007. Fed. R. Civ. P 37(b)(d) provides that where a party fails to obey a court's discovery order, the court may hold that party in contempt. Ms. Cambria did not produce an affidavit by February

8

13, 2007 (21 days after the entry of the Order) outlining her conversation with Judge Travis on October 23, 2002 as required by the Order. Plaintiffs did not move for a stay of the Order until after Defendants' motion for contempt.

Defendants seek to hold Ms. Cambria in contempt for not complying with the very Order which is the subject of Defendants' motion for reconsideration. Reconsideration, if granted, does not necessarily guarantee a different or better report; it can bring about a worse result. See, e.g., Deptford Township Sch. Dist. v. H.B., No. 01-0784, 2005 WL 1400752 (D.N.J. June 15, 2005). The Court recognizes that Defendants' motion led to uncertainty as to the specifics of the final order. In light of Defendants pending motion for reconsideration, the Court declines to hold Ms. Cambria in contempt of court.

## CONCLUSION

It is on this 9th day of April, 2007,

ORDERED that the attorney who spoke with Superior Court Judge Travis Francis by telephone regarding the New Brunswick Municipal Court hearing of October 23, 2002 is required to submit an affidavit outlining the telephone conversation; and it is further

ORDERED that the affidavit is to be submitted within twenty-one days of the date of this Order; and it is further

ORDERED that the remaining terms of the January 23, 2007 Opinion and Order shall remain in effect; and it is further

ORDERED that Defendants' motion to hold Ida Cambria in contempt is DENIED.

s/ William H. Walls<br>
**William H. Walls, U.S.D.J.**