UNITED STATES DISTRICT COURT

District of New Jersey

| | |
|---|---|
| Chambers of<br>William H. Walls<br>District Judge<br>_____<br>(973) 645-2564<br>(973) 645-3436 Fax | Martin Luther King Jr.<br>Federal Courthouse<br>50 Walnut Street<br>Newark, New Jersey 07102 |

NOT FOR PUBLICATION

LETTER OPINION AND ORDER

ORIGINAL ON FILE WITH CLERK OF COURT

July 7, 2008

Ida Cambria, Esq.
142 Livingston Avenue, 3rd Floor
New Brunswick, NJ 08901

Lewis G. Adler, Esq.
26 Newton Ave.
Woodbury, NJ 08096

Lori A. Dvorak, Esq.
390 George Street, 8th Floor
New Brunswick, NJ 08901

Susan K. O'Connor, Esq.
Hoagland, Longo, Moran, Dunst &
    Doukas, LLP
40 Paterson Street
P.O. Box 480
New Brunswick, NJ 08903

Gary S. Spagnola
Golden, Rothschild, Spagnola, Lundell,
    Levitt & Boylan, P.C.
1011 Route 22 West, Suite 300
P.O. Box 6881
Bridgewater, NJ 08807

Michael J. Stone
The Stone Law Group
20 Glenview Drive
Warren, NJ 07059

William T. Connel
Dwyer Connel & Lisboa, Esqs.
100 Passaic Ave, P.O. Box 629
Fairfield, NJ 07004

Re:   Raul Rojas & Jose Lopez v. City of New Brunswick, et al.
      No. 04-3195 (WHW)
      Motion for Class Certification

1

Dear Litigants:

Plaintiffs Paul Rojas and Jose Lopez have moved for class certification. This motion is decided without oral argument pursuant to Federal Rule of Civil Procedure 78. Plaintiffs' motion for class certification is denied.

## FACTS AND PROCEDURAL HISTORY[1]

Raul Rojas and Jose Lopez ("Plaintiffs") filed a class action suit on behalf of themselves and similarly situated Latinos in New Brunswick, pursuant to 28 U.S.C. § 1983 and 28 U.S.C. § 1988, against the City of New Brunswick ("New Brunswick"), Mayor James M. Cahill ("Mayor Cahill"), Police Director Joseph Catanese ("Director Catanese"), Detective Royce Cradic ("Detective Cradic"), Police Officer George Santiago ("Officer Santiago"), Municipal Court Judge Gerald Gordon ("Judge Gordon"), and John Does I-XX (collectively the "Defendants") on July 6, 2004. Plaintiffs state that Defendants systematically stop, search, and arrest Latinos for minor offenses and then hold them with excessive bail, and in some cases, no bail.

On August 2, 2004, Plaintiffs amended their Complaint, defining a class different from their Original Complaint. (Amended Complaint, Rojas v. New Brunswick, No. 04-3195 (D.N.J. Aug. 2, 2004) ("Am. Compl.").) In the Amended Complaint, the Plaintiffs defined the putative class as:

---

[1] Additional factual background is recounted in the Court's June 4, 2008 Opinion whereby the Court granted in part and denied in part Defendants' motion for summary judgment. This opinion will include only facts pertinent to the disposition of the present motion for class certification.

> [A]ll Latino persons living in or traveling in the City of New Brunswick who have in the past been stopped and required to present identification or other documentation, or who have been arrested or detained by defendants and held without bail or on excessive bail, or who have been or will be deterred from freely traveling in or about the City of New Brunswick.

(Id. at ¶ 4.) Plaintiffs state that this "action is maintainable under Rule 23(b)(1) and (2) of the Federal Rules of Civil Procedure." (Id. at ¶ 6.)

Judge Susan D. Wigenton (then a Magistrate Judge) issued a Scheduling Order on January 11, 2005, directing the parties to submit any motions to amend their pleadings or to add new parties by May 15, 2005. (See January 11, 2005 Scheduling Order, Rojas v. New Brunswick, No. 04-3195 (D.N.J. Jan. 11, 2005) ("January 11, 2005 Scheduling Order").) Judge Wigenton ordered that "[m]otions for class certification shall be filed no later than September 15, 2005." (Id. at 8.) That deadline was extended until May 30, 2007. (See April 13, 2007 Order, Rojas v. New Brunswick, No. 04-3195 (D.N.J. Apr. 16, 2007) (Arleo, M.J.) ("April 13, 2007").)

On May 31, 2007, Plaintiffs filed their motion to certify class, seeking certification of a class different from the class defined in their Amended Complaint. Plaintiffs defined the new Class as:

> All persons for whom bail was set in the city of New Brunswick between May 1, 1999 and today, who were held without bail being set and/or whose bail was set in excess of the amount allowed by law.

(Plaintiff's Brief in Support of Motion for Class Certification at ¶ 33, Rojas v. New Brunswick, No. 04-3195 (D.N.J. May 31, 2007) ("Pl.'s Class Cert. Br.").) Instead of asserting that this action is maintainable under Rule 23(b)(1) and (2), Plaintiffs now assert that it is maintainable under Rule 23(b)(3). (See Pl.'s Class Cert. Br. at 41.)

3

Defendants New Brunswick and Mayor Cahill filed their joint opposition on July 31, 2007.  (See Defendants New Brunswick's and Cahill's Brief in Opposition to Plaintiffs' Motion for Class Certification, Rojas v. New Brunswick, No. 04-3195  (D.N.J. July 31, 2007) ("Def.'s Opp. Class Cert.").)  Director Catanese filed a joint supplemental brief in opposition to Plaintiffs' motion for class certification on the same day.  (See Defendant Catananese's Supplemental Brief in Opposition to Plaintiffs' Motion for Class Certification, Rojas v. New Brunswick, No. 04-3195  (D.N.J. July 31, 2007) (Def.'s Supp. Opp. Br.").)  Defendants Judge Gordon, Detective Cradic and Officer Santiago filed statements of non-necessity of brief under L. Civ. R. 7.1(d)(4) because they are relying on the joint opposition brief and the joint supplemental brief filed by New Brunswick, Mayor Cahill and Director Catanese.  (See Statements of Non-necessity of Brief, Rojas v. New Brunswick, No. 04-3195  (D.N.J. July 31, 2007).)

On April 30, 2008, the Court held a hearing on Defendants' motions and Plaintiffs' cross-motion for summary judgment on all claims.  In the Court's June 4, 2008 Opinion and Order, the Court granted summary judgment in Defendants' favor on Plaintiffs' claim that Defendants violated Plaintiffs' Eighth Amendment right to be free from excessive bail.  (Opinion and Order, Rojas v. New Brunswick, No. 04-3195  (D.N.J. June 4, 2008).)  Although Plaintiffs' motion for class certification, which is premised on the Eighth Amendment right to be free from excessive bail, thereby mooted, the Court also finds that Plaintiffs' motion for class certification fails to meet the requirements of Rule 23 of the Federal Rules of Civil Procedure.

## STANDARD OF REVIEW

To obtain class action certification, plaintiffs must establish that all four prerequisites of Rule 23(a) are met as well as at least one part of Rule 23(b). Baby Neal v. Kanter, 43 F.3d 48 (3d Cir. 1994). Rule 23(a) provides that:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if:
>
> (1) the class is so numerous that joinder of all members if impracticable,
> (2) there are questions of law or fact common to all of the class,
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

If Rule 23(a) requirements are satisfied, the court also must find the that class action is maintainable under one of the subsections of Rule 23(b), the third of which is pertinent in this case. Rule 23(b)(3) provides that an action may be maintained as a class action where:

> (3) the court finds that the questions of law or fact predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include (A) the interest of the members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in a particular forum; (D) the difficulties likely to be encountered in the management of a class action.

Fed. R. Civ. P. 23(b)(3).

Over thirty years ago in Eisen v. Calrslile & Jaquelin, the Supreme Court cautioned against conducting a preliminary inquiry into the merits of the case to determine whether an

5

action may be maintained as a class action. 417 U.S. 156, 177 (1974). However, in later cases, the Supreme Court has moved away from its bright-line declaration and recognized that a court may sometimes need to look beyond the pleadings to determine if the requisites for class certification are met. In Coopers & Librand v. Lindsey, the Court noted that "[e]valuation of many of the questions entering into determination of class action questions is intimately involved with the merits of the claims." 437 U.S. 463, 469, n.12 (1978). Similarly, in General Tel. Co. of Southwest v. Falcon, the Court stated:

> Sometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim and sometimes it is necessary to probe beyond the pleadings before coming to rest on the certification question. . . [A]ctual, not presumed conformance with Rule 23(a) remains . . . indispensable.

457 U.S. 147, 160 (1982).

The Third Circuit has likewise recognized that "a preliminary inquiry into the merits is sometimes necessary to determine whether the alleged claims can be properly resolved as a class action." Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 259 F.3d 154, 168 (3d Cir. 2001); see also Johnston v. HBO Film Mgmt., Inc., 265 F.3d 178 (3d Cir. 2001) (concluding that where allegations in a complaint are unsupported or rebutted, the court may look beyond the face of the complaint). The Court will "probe beyond the surface of plaintiffs allegations" to determine whether Plaintiffs' claim that Defendants' violated plaintiffs' Eighth Amendment right to be free from excessive bail meets the requirements for class certification. Newton, 259 F.3d at 168-89.

6

**DISCUSSION**

Put simply, Plaintiffs' class certification fails to satisfy the requirements for predominance and superiority under Fed. R. Civ. P. 23(b)(3). "The predominance inquiry demands 'that questions of law or fact common to the members of the class predominate over any questions affecting only individual members.' Superiority calls for a determination that a class action is the best method of achieving a 'fair and efficient adjudication of the controversy.'" Newton, 259 F.3d at 186 (quoting Fed. R. Civ. P. 23(b)(3)).

Plaintiffs claim that the common issues of liability predominate. They state that each proposed plaintiff was arrested for a fourth degree offense and was held without bail or with a bail amount in excess of $2,500.00 in violation of N.J.S.A. § 2C:6-1.[2] While a violation of the New Jersey statute concerning bail may have occurred, in order to determine Eighth Amendment liability, the Court must find analyze the facts in each case under the appropriate federal constitutional standards. See Virginia v. Moore, --- U.S. ---, 128 S. Ct. 1598 (2008) (explaining

---

[2] The New Jersey statute regarding bail reads:

> No person charged with a crime of the fourth degree, a disorderly persons offense or a petty disorderly persons offense shall be required to deposit bail in an amount exceeding $2,500.00, unless the court finds that the person presents a serious threat to the physical safety of potential evidence or of persons involved in circumstances surrounding the alleged offense or unless the court finds bail of that amount will not reasonably assure the appearance of the defendant as required. The court may for good cause shown impose a higher bail; the court shall specifically place on the record its reasons for imposing bail in an amount exceeding $2,500.00.

N.J.S.A. § 2C:6-1.

7

that while states may impose higher standards than those in the U.S. Constitution, a violation of the U.S. Constitution is a matter of federal constitutional law).

A review of the record shows that the common issues do not predominate and that a class action is not superior. First, the factual circumstances of each plaintiff's arrest and the setting of bail were different. A review of the arrest reports, attached as exhibits B & C to Plaintiffs' motion for class certification, will demonstrate that the proposed class of plaintiffs allegedly committed a large range of offenses and many were charged with multiple offenses. (See Arrest Reports, Pl.'s Class Cert. Br. at Exs. B & C.) Types of charges range from possession of illegal drugs, minor and serious traffic violations, contempt of court, violation of a restraining order, simple and aggravated assault, possession of fake identification, petty theft, warrant arrest and others. (Id.) The range of bail amounts also varied widely, from $3,000.00 to $500,000.00 to "no bail." (Id.)

Second, a review of these arrest reports also shows that at least a half dozen judges set bail at an amount above $2,500.00. Municipal Court Judge Ronald Wright initially set bail for Rojas in the amount of $25,000. Defendant Judge Gordon initially set bail for Lopez at $25,000 with no ten (10) percent option. Although the other judges' first names were not provided in the arrest reports, Judge Stanzione, Judge Hyland, Judge Ritz, and Judge Webber also set bail above $2,500.00. Only Judge Gordon is named defendant in this case.[3]

Third, New Jersey judges are given discretion to set bail above the amount of $2,500.00

---

[3] In this Court's June 4, 2008 Opinion and Order, all claims against Judge Gordon have been dismissed on summary judgment because he was entitled to judicial immunity.

for good cause. The New Jersey statute concerning bail provides that the "court may for good cause shown impose a higher bail" above $2,500.00 if the court "finds that the person presents a serious threat to the physical safety of potential evidence or of persons involved in circumstances surrounding the alleged offense or unless the court finds bail of that amount will not reasonably assure the appearance of the defendant as required." N.J.S.A. § 2C:6-1. The decision to set bail is made on a case-by-case basis. The Court will need to examine the reasoning placed on the record why the particular judge ordered "no bail" or set bail at an amount above $2,500.00 for each plaintiff.

For each case where the Court finds an Eighth Amendment violation, the Court will need to determine whether the municipal court judge is immune from liability and whether that liability may be attributed to Defendants New Brunswick, Mayor Cahill and Director Catanese. With all the individualized determinations of liability, a class action would pose significant case management problems. The Third Circuit has explained that one of the paramount values of a class action is efficiency. In re General Motors Corp., 55 F.3d 768, 783 (3d Cir. 1995). "Class certification enables courts to treat common claims together, obviating the need for repeated adjudications of the same issues." Id. Here, the Court cannot treat the Eighth Amendment claims together because the factual premise for each bail decision is unique to the proposed plaintiff and the judge who set bail. A class action would not be a superior method for a fair and efficient adjudication of the controversy.

Because Plaintiffs' motion for class certification is moot and because the requirements for predominance and superiority under Fed. R. Civ. P. 23(b)(3) have not been met as well, the Court

denies Plaintiffs' motion for class certification.

## CONCLUSION

It is on this 7th day of July 2008,

ORDERED that Plaintiffs' motion for class certification is DENIED.

      s/William H. Walls      
United States Senior District Judge
